IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AMERICAN BOOKSELLERS FOUNDATION FOR FREE EXPRESSION, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DANIEL S. SULLIVAN, in his official capacity as ATTORNEY GENERAL OF THE STATE OF ALASKA, <br><br> Defendant. | Case No. 3:10-cv-0193-RRB <br><br><br> **ORDER GRANTING MOTIONS AT 51 AND 80, DENYING MOTIONS AT DOCKETS 59 AND 83, AND DISMISSING WITH PREJUDICE** |

**I.  BACKGROUND**

In January of 2010, Alaska passed a bill, SB 222, that amended a variety of statutes with the stated intent of strengthening initiatives relating to sexual assault and domestic violence. The bill included Sections 9-12, which amended and (according to Plaintiffs) expanded an existing censorship law. These sections imposed what Plaintiffs complain are "severe content-based restrictions on the availability, display, and dissemination of

constitutionally protected speech on the Internet and physically within the State of Alaska."[1]

Plaintiffs argue that the act, as amended and applied to the Internet, violates the First, Fifth, and Fourteenth Amendments because: (1) it restricts adults from engaging in protected speech on the Internet; (2) it is substantially overbroad; (3) it criminalizes protected speech among and to older minors; (4) it is unconstitutionally vague; and (5) it requires that, for the determination of community standards, the relevant community be local, rather than the nation.[2] In addition, Plaintiffs argue the application of the amended act to the Internet violates the Commerce Clause because: (1) it regulates speech that occurs wholly outside the borders of Alaska; (2) it imposes an unjustifiable burden on the interstate commerce over the Internet; and (3) it subjects online speakers to inconsistent state laws.

Pursuant to Fed. R. Civ. P. 65, Plaintiffs moved for a preliminary injunction and other appropriate relief against enforcement of AS 11.61.128, both as amended by Sections 9-12 in

---

[1] Docket 7 at 8.

[2] Plaintiffs do not challenge the Alaska laws criminalizing child pornography, sexual solicitation or luring of minors, or obscenity on the Internet. Plaintiffs also do not challenge the portions of SB 222 that do not amend AS 11.61.128.

Senate Bill No. 222, 26th Leg., 2d Sess., and as prior to amendment, which purports to limit access to materials deemed "harmful to minors." The statute in its current form provides in relevant part:

> **Electronic Distribution of Indecent Material to Minors**
>
> **(a)** A person commits the crime of electronic distribution of indecent material to minors if
>     **(1)** the person, being 18 years of age or older, knowingly distributes to another person by computer any material that depicts the following actual or simulated conduct:
>         **(A)** sexual penetration;
>         **(B)** the lewd touching of a person's genitals, anus, or female breast;
>         **(C)** masturbation;
>         **(D)** bestiality;
>         **(E)** the lewd exhibition of a person's genitals, anus, or female breast; or
>         **(F)** sexual masochism or sadism; and
>     **(2)** the material is harmful to minors; and
>     **(3)** either
>         **(A)** the other person is a child under 16 years of age; or
>         **(B)** the person believes that the other person is a child under 16 years of age.
> **(b)** In this section, it is not a defense that the victim was not actually under 16 years of age.
> **(c)** In this section, "harmful to minors" means
>     **(1)** the average individual, applying contemporary community standards, would find that the material, taken as a whole, appeals to the prurient interest in sex for persons under 16 years of age:
>     **(2)** a reasonable person would find that the material, taken as a whole, lacks serious literary, artistic, educational, political, or scientific value for persons under 16 years of age; and
>     **(3)** the material depicts actual or simulated conduct in a way that is patently offensive to the

>               prevailing standards in the adult community as a
>               whole with respect to what is suitable for persons
>               under 16 years of age.

AS § 11.61.128.[3]

Plaintiffs represent a spectrum of individuals and organizations — including booksellers, a photographer, libraries, and organizations representing booksellers, publishers and other media interests—that communicate, disseminate, display and access a broad range of speech in the physical world as well as through the Internet.

On October 20, 2010, in light of similar cases in other jurisdictions, this Court found a strong likelihood of success on the merits on the part of Plaintiffs and entered a preliminary injunction enjoining enforcement of AS § 11.61.128 until this matter is resolved.[4] Plaintiffs sought summary judgment on all counts of their Complaint, requesting a declaration that the Amended Act is unconstitutional, and permanently enjoining enforcement of the Amended Act.[5] Defendant, the Attorney General of the State of Alaska, filed a cross-motion for summary judgment

---

[3] Sections (d) and (e) not printed here contain the penalties associated with violations of the statute.

[4] Docket 47.

[5] Tr. 51.

at Docket 59, as well as a motion that this Court seek certification of the underlying statutory issue from the Alaska Supreme Court.[6] This Court certified the question to the Alaska Supreme Court,[7] which declined to consider the question.[8] The summary judgment motions have been renewed and are now ripe for decision.[9]

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[10] The moving party bears the initial burden of proof for showing that no fact is in dispute.[11] If the moving party meets that burden, then it falls upon the non-moving party to refute with facts which would indicate a genuine issue of

---

[6] Docket 60.

[7] Docket 74.

[8] Docket 79.

[9] Dockets 80 & 83.

[10] Fed. R. Civ. P. 56(c).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

fact for trial.¹² Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative.¹³ Both parties agree that there are no genuine issues of material fact in this matter, and that the interpretation of the statute is purely a question of law.

**III. DISCUSSION**

Plaintiffs argue that the amended act bans a large amount of speech that adults have a constitutional right to receive, and that the amended act fails strict scrutiny, is overbroad, and violates the Commerce Clause.¹⁴ Plaintiffs argue that eighteen federal judges in five circuits have struck down state statutes forbidding Internet communications deemed harmful to minors like the one at issue here.¹⁵ In response, the State argues that because the amended

---

¹² *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

¹³ *Id., See also, In re Lewis*, 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).

¹⁴ Docket 7 at 15.

¹⁵ *See PSInet, Inc. v. Chapman*, 362 F.3d 227 (4th Cir. 2004), reh'g. denied. 372 F.3d 671, aff'g 167 F. Supp. 2d 878 (W.D. Va. 2001); *Amer. Booksellers Found. for Free Expression v. Dean*, 342 F.3d 96 (2d Cir. 2003), aff'g 202 F. Supp. 2d 300 (D.Vt. 2002); *ACLU v. Johnson*, 194 F.3d 1149 (10th Cir. 1999), aff'g 4 F. Supp. 2d 1029 (D.N.M. 1998); *Southeast Booksellers Ass'n v. McMaster*, 371 F. Supp. 2d 773 (D.S.C. 2005); ACLU v. Napolitano, Civ. No. 00-0505 (D.Ariz. June 14, 2002) (permanent injunction), sub nom. ACLU v. Goddard, 2004 WL 3770439 (D. Ariz. Apr. 23, 2004) (statute as amended in 2003 permanently enjoined); *Cyberspace Commc'ns, Inc. v.*
(continued...)

act is narrower than the other statutes found unconstitutional, it survives strict scrutiny.

Strict scrutiny is the standard applied to content-based restrictions on speech, such as the statute before the Court.[16] To survive strict scrutiny analysis, a statute must: (1) serve a compelling governmental interest; (2) be narrowly tailored to achieve that interest; and (3) be the least restrictive means of advancing that interest.[17] There is no dispute that the State has a compelling interest to protect minor children. The question, therefore, is whether the Alaska statute is "narrowly tailored" and the "least restrictive means" of advancing the State's interest.

In *Sable Commc'ns of Cal., Inc. v. Fed. Commc'ns Comm'n*, the Supreme Court observed:

---

[15](...continued)
*Engler*, 142 F. Supp. 2d 827 (E.D. Mich. 2001) (summary judgment and permanent injunction), 55 F. Supp. 2d 737 (E.D. Mich. 1999) (preliminary injunction), aff'd, 238 F.3d 420 (6th Cir. 2000) (unpublished); *Am. Libraries Ass'n v. Pataki*, 969 F. Supp. 160 (S.D.N.Y. 1997). The COPA statute, a federal statute similar to the Amended Act, was held unconstitutional. *ACLU v. Gonzales*, 478 F. Supp. 2d 775 (E.D. Pa. 2007), aff'd sub nom. *ACLU v. Mukasey*, 534 F.3d 181 (3d Cir. 2008), cert. denied, 129 S. Ct. 1032 (2009). In addition, the Wisconsin Supreme Court found the Wisconsin statute unconstitutional for lacking an appropriate scienter requirement. *State v. Weidner*, 611 N.W. 2d. 684 (Wis. 2000).

[16] *See Turner Broadcasting Sys., Inc. v. Fed. Commc'ns Comm'n*, 512 U.S. 622, 642, 114 S.Ct. 2445, 2459, 129 L.Ed.2d 497 (1994).

[17] *Sable Commc'ns of Cal., Inc. v. Fed. Commc'ns Comm'n*, 492 U.S. 115, 126, 109 S.Ct. 2829, 2836, 106 L.Ed.2d 93 (1989).

ORDER GRANTING 51 AND 80, DENYING 59 AND 83,
   AND DISMISSING WITH PREJUDICE - 7
3:10-CV-0193-RRB

> Sexual expression which is indecent but not obscene is protected by the First Amendment; and the federal parties do not submit that the sale of such materials to adults could be criminalized solely because they are indecent. The Government may, however, regulate the content of constitutionally protected speech in order to promote a compelling interest if it chooses the least restrictive means to further the articulated interest. We have recognized that there is a compelling interest in protecting the physical and psychological well-being of minors. This interest extends to shielding minors from the influence of literature that is not obscene by adult standards. . . . The Government may serve this legitimate interest, but to withstand constitutional scrutiny, "it must do so by narrowly drawn regulations designed to serve those interests without unnecessarily interfering with First Amendment freedoms. . . . It is not enough to show that the Government's ends are compelling; the means must be carefully tailored to achieve those ends.[18]

The United States Supreme Court has further recognized that what is not obscene for adults may still be considered obscene for minors.[19] Accordingly, the *Miller-Ginsberg* test has been established to set guidelines for what types of material are "harmful to minors." This Court observes that the Alaska Statute includes language defining "harmful to minors" that comports with the *Miller-Ginsberg* test.

It is undisputed that some materials distributed to adults would be legal, while the same materials – if distributed to a minor – would violate the statute. The words "knowingly distribute"

---

[18] *Id.* (Internal citations omitted).

[19] *See Miller v. California*, 413 U.S. 15 (1973) and *Ginsberg v. New York*, 390 U.S. 629, 631 (1968)

ORDER GRANTING 51 AND 80, DENYING 59 AND 83,
 AND DISMISSING WITH PREJUDICE - 8
3:10-CV-0193-RRB

do not clearly indicate that the sender must know the age of the person receiving the communication. The fact remains that adults communicating with other adults on the Internet may run afoul of the Alaska statute, as written, if the communication falls into the hands of a minor. The State of Alaska concedes that when the statute is interpreted at its broadest, it is unconstitutional.[20]

In *United States v. X-Citement Video, Inc.*, the Supreme Court reasoned that there is a presumption in favor of a scienter requirement which should apply to each of the statutory elements that criminalize otherwise innocent conduct.[21] Accordingly, the Court construed the word "knowingly" in one section to apply to sub-sections where the word was not present. But even if this Court imputes the knowledge requirement to other sections of the Alaska statute, the fact that this statute deals with distribution via the Internet adds an additional wrinkle: There are no reasonable technological means that enable a speaker on the Internet to ascertain the actual age of persons who access their communications. As the Supreme Court has explained:

> Given the size of the potential audience for most messages, in the absence of a viable age verification process, the sender must be charged with *knowing* that one or more minors will likely view it. *Knowledge* that, for instance, one or more members of a 100-person chat group

---

[20] Docket 72 at 2.

[21] 513 U.S. 64, 72 (1994).

ORDER GRANTING 51 AND 80, DENYING 59 AND 83,
   AND DISMISSING WITH PREJUDICE - 9
3:10-CV-0193-RRB

> will be a minor – and therefore that it would be a crime to send the group an indecent message – would surely burden communication among adults.[22]

Accordingly, there could be a chilling effect on protected speech under the Alaska statute, even if "knowing" is imputed to sections where the word is not included. Individuals who fear the possibility of a minor receiving speech intended for an adult may refrain from exercising their right to free speech at all – an unacceptable result. The Government may not reduce the adult population to only what is fit for children.[23] This statute is dramatically different from the Ohio statute which was deemed constitutional, which "applies only to **personally directed communication between an adult and a person that the adult knows or should know is a minor**."[24]

The State argues that the amended act is designed to prosecute those predators who use pornography to groom children for sexual abuse, and that without this statute the State would have to wait until a child was actually sexually assaulted before intervening. The State argues this outweighs any chilling effect on the Plaintiffs, and complains that no other statute in Alaska prohibits

---

[22] *Reno v. ACLU*, 521 U.S. 844, 876 (1997) (emphasis added).

[23] *Id.* at 875.

[24] *American Booksellers Foundation for Free Expression v. Strickland*, 601 F.3d 622, 628 (6th Cir. 2010) (emphasis added).

ORDER GRANTING 51 AND 80, DENYING 59 AND 83,
   AND DISMISSING WITH PREJUDICE - 10
3:10-CV-0193-RRB

adults from giving adult pornography to children.  Docket 58 at 7.
The statute, however, could likely be amended by the Legislature in
order to prosecute predators, while not violating the
Constitutional rights of the average citizen.  While the intent of
the Legislature is admirable, the language is imprecise.  The
Amended Act:

> lacks the precision that the First Amendment requires
> when a statute regulates the content of speech.  In order
> to deny minors access to potentially harmful speech, the
> [Amended Act] effectively suppresses a large amount of
> speech that adults have a constitutional right to receive
> and to address to one another.  That burden on adult
> speech is unacceptable if less restrictive alternatives
> would be at least as effective in achieving the
> legitimate purpose that the statute was enacted to
> serve.[25]

In short, if the Legislature intends this statute to only
criminalize the grooming of children for sexual abuse, the
Legislature can say so.  Other jurisdictions have written statutes
that survive constitutional muster, and the Alaska Legislature can
follow suit if it so desires.  Without clear guidance from the
Alaska Supreme Court as to how this statute would be interpreted
and applied, this Court finds that the statute, as written, is not
narrowly tailored to achieve the State's compelling interest.

---

[25]    *Reno*, 521 U.S. at 874.

**IV. CONCLUSION**

In light of the foregoing, the Court declines to address the other arguments of the parties. AS 11.61.128, both as amended by Sections 9-12 in Senate Bill No. 222, 26th Leg., 2d Sess., and as prior to amendment, are unconstitutional for the reasons discussed herein. Plaintiffs' Motion for Summary Judgment at **Docket 51**, renewed at **Docket 80**, is **GRANTED**. Defendant's Cross-Motion for Summary Judgment at **Docket 59**, renewed at **Docket 83**, is **DENIED**. This matter is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

ENTERED this 30th day of June, 2011.

                                      S/RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE